IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
May 17 2017
U.S. DISTRICT COURT
Northern District of WV

DANIEL M. LUCEY and
COLLEEN S. LUCEY,

    Plaintiffs,

vs.

SWN PRODUCTION COMPANY, LLC.,

    Defendant.

Civil Action No. 5:17-CV-66 (Bailey)

COMPLAINT

Files on behalf of Plaintiffs,

Counsel of Record for this Party:

David C. Hook, Esquire
WV. I.D. No. 10490
Hook & Hook
P.O. Box 792
189 West High Street
Waynesburg, PA 15370
Phone: 724-627-6146 Ext.2
Email: hookdc@gmail.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DANIEL M. LUCEY and
COLLEEN S. LUCEY,

Civil Action No. 5:17-CV-66 (Bailey)

      Plaintiffs,

vs.

COMPLAINT

SWN PRODUCTION COMPANY, LLC.,

      Defendant.

## COMPLAINT

AND NOW come the plaintiffs, Daniel M. Lucey and Colleen S. Lucey, by their attorney, David C. Hook, Esquire, and file the following Complaint.

### I. BACKGROUND

1. The Plaintiffs are Daniel M. Lucey and Colleen S. Lucey (the "Luceys"), who are citizens of West Virginia and reside at R. D. 4, Box 78, Cameron, West Virginia 26033.

2. SWN Production Company, LLC ("SWN") is a limited liability company with its principal place of business at 1000 Energy Drive, Spring, Texas 77389.

3. There is diversity of citizenship between the parties and the amount in controversy is in excess of $75,000.00.

4. SWN has succeeded to the interests of Chesapeake Appalachia, L.L.C. ("Chesapeake") as they relate to the Luceys.

5. On August 22, 2006, the Luceys signed an "Oil, Gas and Coalbed Methane Lease" ( the "Lease") with Great Lakes Energy Partners, L.L.C. ("Great Lakes") Subsequently

Great Lakes changed its name to Range Resources-Appalachia, LLC ("Range") Range assigned its interest in the Lease to Chesapeake.

6. Said Lease had a primary term of five (5) years. (See Exhibit 1 attached).

7. Said Lease had an expiration date of August 21, 2011.

8. Said Lease, in paragraph 19, contained the following language: "Upon the expiration of this lease and within sixty (60) days thereafter, Lessor grants to Lessee an option to extend or renew under similar terms a like lease."

9. By a "Notice of Extension of Oil and Gas Lease" dated May 31, 2011, Chesapeake attempted to "extend" the lease. See Exhibit 2 attached.

10. The Luceys rejected said extension and subsequently filed suit against Chesapeake in the United States District Court for the Northern District of West Virginia at Case No. 5:12-cv-00039. Said case was consolidated at Docket No. 5:12-cv-0038.

11. Subsequently the Parties settled said litigation (the "Settlement") by entering into a "Settlement Agreement and Release" (attached hereto as Exhibit 3) and a "Ratification of Oil & Gas Lease" (attached hereto as Exhibit 4.)

12. As a result of the Settlement "Chesapeake agreed to pay to Releasors (the Luceys) an additional $500.00/acre for 203.39 acres totaling $101,695.00 ("Additional Consideration") if there is not a commencement of two(2) wells within one(1) year of the date of the effective date of this agreement." (See paragraph 1 of Settlement Agreement and Release- Exhibit 3.)

13. The effective date of the agreement was October 29, 2012.

14. Two (2) wells were not commenced within one (1) year of October 29, 2012.

15. The Ratification of Oil and Gas Lease stipulated that the extension of the Lease through August 21, 2016 was valid.

16. Chesapeake has recorded a "Declaration and Notice of Pooled Unit- Michael Dunn Southwest Unit" and a "First Amended Declaration and Notice of Pooled Unit Michael Dunn Southwest Unit" (the "Unit Declarations"). (See Exhibit 5 and 6 attached)

17. In violation of the Lease terms, no notice of the Unit Declarations was provided to the Luceys, thereby making the declaration void as to the Luceys. (See paragraph 10 of the Lease.)

18. At the time of the filing of the Unit Declarations there were no wells producing oil, gas and/or methane gas in the unit.

19. At the termination date of the Lease on August 21, 2016, there were no wells producing oil, gas and/or methane gas in the unit.

20. Between October 29, 2012 and August 21, 2016 there were no operations by the Lessee in the search for oil, gas and/or coalbed methane gas or the drilling of an additional well subsequent to the plugging of a dry hole. (See paragraphs 2 and 7 of the Lease.)

21. The primary term has expired without the production of oil or gas, without operations by the Lessee in the search for oil, gas and/or coalbed methane gas or the drilling of an additional well subsequent to the plugging of a dry hole. (See paragraphs 2 and 7 of the Lease.) Accordingly, the Lease has terminated pursuant to its own terms.

22. Subsequent to the termination of the Lease as explained in paragraph 21, it is believed that SWN has begun sales of gas which sales include gas from the Luceys' property.

II. **COUNT I- BREACH OF CONTRACT**

23. Paragraphs 1 through 22 are incorporated by reference.

24. Two (2) wells were not commenced within one (1) year of October 29, 2012.

25. SWN has failed to pay the Luceys $101,695.00 Dollars as required by paragraph 1 of the Settlement Agreement and Release.

WHEREFORE, judgement for breach of contract in the amount of $101,695.00 Dollars together with interest, fees and costs are demanded.

### III. COUNT II- DECLARATORY JUDGMENT

26. Paragraphs 1 through 25 are incorporated by reference.

27. The Lease has terminated by its own terms on August 21, 2016.

28. The Luceys informed SWN of the lease termination by letter dated August 23, 2016. (See Exhibit 7 attached).

29. SWN continues to assert the lease is valid.

30. SWN's claim of a valid lease is a cloud on the Luceys' title to the oil and gas described in said Lease.

WHEREFORE, it is prayed that this Honorable Court enter an order declaring that the August 22, 2006 Lease has terminated and directing that the relevant records filed in Clerk of the County Commission of Marshall County, West Virginia be marked to so indicate the termination.

### IV. COUNT III- TRESPASS

31. Paragraphs 1 through 30 are incorporated herein by reference.

32. SWN is selling gas that belongs to the Luceys.

33. SWN has no right or basis for selling the Luceys' gas.

34. SWN has directly invaded the oil and gas strata of the Luceys' property and is extracting gas from it.

35. SWN has violated the exclusive possession by the Luceys of the oil and gas strata belonging to the Luceys.

36. SWN's conduct is intentional, wanton and with complete disregard of the Luceys' property rights.

WHEREFORE, judgment for trespass in an amount to be determined at trial is demanded together with interest, fees, costs and punitive damages.

### V. COUNT IV- PRIVATE NUISANCE

37. Paragraphs 1-36 are incorporated herein by reference.

38. SWN's conduct is intentional and unreasonable.

39. SWN's conduct is reckless and with complete disregard of the Luceys' property rights.

40. SWN's conduct is negligent and reckless.

WHEREFORE, damages for a private nuisance in an amount to be determined at trial is demanded together with interest, fees, costs and punitive damages.

Respectfully submitted,

Date: May 17, 2017

/s/ David C. Hook, Esquire
David C. Hook, Esquire
WV. ID. No. 10490
Hook & Hook
P.O. Box 792
189 West High Street
Waynesburg, PA 15370
Phone: 724-627-6146
Fax:   724-852-1620